UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|                              |   |                          |
|---|---|---|
| UNITED STATES OF AMERICA,    | : | CASE NO. 1:20-cr-00552   |
| Plaintiff,                   | : | OPINION & ORDER          |
|                              | : | [Resolving Doc. 25]      |
| vs.                          | : |                          |
| DELROY A. REID,              | : |                          |
| Defendant.                   | : |                          |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Federal agents arrested Delroy A. Reid and Anthony A. Little after a controlled delivery operation revealed that Reid and Little were likely the intended recipients of a parcel containing approximately one kilogram of cocaine.[1]  During the post-arrest investigation, agents searched Reid's car.[2]  They also questioned Reid and Little.[3]

Defendant Reid moves to suppress evidence agents found in his vehicle and statements he gave while detained.[4]  The Government opposes.[5]

For the following reasons, the Court **GRANTS in part** Defendant Reid's motion.  The Court **GRANTS** Defendant Reid's motion to suppress evidence discovered in the automobile search.  The Court **DENIES as moot** Defendant Reid's motion to suppress statements made during the custodial interrogation.[6]

---

[1] Transcript of Suppression Hearing at 10–21, *United States v. Little, et al.*, No. 1:20-cr-00552 (N.D. Ohio filed Aug. 28, 2020).
[2] *Id.* at 26–28.
[3] Doc. 28 at 5, 7.
[4] Doc. 25.
[5] Doc. 28.
[6] The Government stipulates it does intend to use Defendant Reid's statements in its case-in-chief. Transcript of Suppression Hearing at 1, 5.

Case No. 1:20-cr-00552
GWIN, J.

I. Background

On August 26, 2020, law enforcement identified a suspicious parcel at a Federal Express facility. After obtaining a state search warrant, officers opened the box. Inside, they discovered approximately one kilogram of cocaine packed alongside children's items.[7]

On August 27, 2020, Federal agents executed a controlled delivery of the package. They replaced the cocaine with a "sham brick." They then placed the sham brick into a box equipped with a GPS device and an electronic monitoring system that indicates when the box opens. Law enforcement then established a surveillance perimeter surrounding the delivery location.[8]

Just before noon, an undercover agent delivered the target package, leaving it in an apartment complex lobby.[9] Meanwhile, surveillance officers observed a red SUV pull into the building driveway, and Defendant Reid exited the vehicle and entered the lobby.[10] The package's GPS alerted agents that the target package was moving to the building's rear. Agents watched as Defendant Reid left the front entrance empty handed and moved the SUV behind the apartment complex. As the SUV pulled away from the building, the package's GPS indicated the target package was moving with the SUV.[11]

The target package and Defendant Reid's car both stopped at a second apartment complex.[12] An agent observed Defendant Reid meet with Co-Defendant Little in the parking lot.[13] After the agent ceased surveilling Defendants, the package GPS alerted law

---

[7] Transcript of Suppression Hearing at 10–11.
[8] *Id.* at 13–14.
[9] *Id.* at 15.
[10] *Id.* at 16.
[11] Transcript of Suppression Hearing at 16–17.
[12] *Id.* at 18.
[13] *Id.* at 19.

Case No. 1:20-cr-00552
GWIN, J.

enforcement that the target package was moving into the second apartment building. Moments later, the electronic monitoring system indicated that the target package was being opened.[14]

Agents then observed Co-Defendant Little exit the apartment complex and arrested him. Soon after, agents seized Defendant Reid as he walked briskly in the direction opposite his vehicle.[15]

Agents entered the second apartment building and saw the children's items from the target package scattered about. They also found the sham brick cut open in a storage locker in the basement.[16] The brick was likely discarded after Reid and Little found it was a sham. After recovering the target package's contents, agents proceeded to search Defendant Reid's SUV. They discovered a firearm wedged between the driver's seat and the center console.[17]

Defendant Reid moves to suppress the firearm, arguing law enforcement violated his Fourth Amendment rights when they searched his vehicle without a warrant or probable cause.[18] The Government opposes and contends the agents did not need a warrant and had probable cause to search Defendant Reid's SUV.[19]

II. **Discussion**

"Generally, the Fourth Amendment requires police officers to obtain a warrant prior to conducting a search."[20] However, "[u]nder the automobile exception [to the warrant requirement,] police officers may conduct a warrantless search of a vehicle if they have

---

[14] Transcript of Suppression Hearing at 19–20.
[15] *Id.* at 20.
[16] *Id.* at 21.
[17] *Id.* at 26–28.
[18] Doc. 25.
[19] Doc. 28.
[20] *United States v. Smith*, 510 F.3d 641, 647 (6th Cir. 2007) (citations omitted).

Case No. 1:20-cr-00552
GWIN, J.

probable cause to believe that the vehicle contains evidence of a crime."[21]  Probable cause is a "reasonable grounds for belief, supported by less than *prima facie* proof but more than mere suspicion."[22] "Determining whether probable cause existed at the time of the search is a commonsense, practical question to be judged from the totality-of-the-circumstances."[23]

In this case, because agents had already recovered the target package and its contents in the apartment building, there was no reason to believe there would be additional evidence in Defendant Reid's car.  Indeed, Special Agent Timothy Stark testified at the suppression hearing that the agents did not have any facts, evidence, or intelligence to support a belief that Defendant Reid's SUV contained other contraband or evidence of criminal activity.[24] The Court finds law enforcement did not have probable cause to search Defendant Reid's automobile.[25]

---

[21] *Smith*, 510 F.3d at 647. (quoting *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998)) (quotations omitted).

[22] *United States v. Bennet*, 905 F.2d 931, 934 (6th Cir. 1990) (citing *United States v. One 1984 Cadillac*, 888 F.2d 1133, 1135 (6th Cir. 1989)).

[23] *Smith v. Thornburg*, 136 F.3d 1070, 1074–75 (6th Cir. 1998) (internal quotations and citations omitted).

[24] At the suppression hearing, Defense Counsel and Agent Stark had the following exchange:
> Q:  Prior the search of the vehicle, did you have any evidence or any facts indicating that his car had contained other contraband apart from the target parcel?
> A.  We believed his car was likely to contain additional contraband.
> Q:  I understand that.  My question was did you have any evidence of facts to support that belief?
> A.  No, no, just our training and experience.
> Q:  And prior to the search of Mr. Reid's vehicle, did you have any intelligence information that was given to you indicating that his car may contain contraband or evidence of a crime?
> A:  No.

Transcript of Suppression Hearing at 36.

[25] See *United States v. Haynes*, 301 F.3d 699, at 679 (6th Cir. 2002) ("Likewise, in this case, [the defendant] was not arrested at or near his car and there was no testimony at the suppression hearing from which the police could deduce a fair probability that at search of [defendant's car] would reveal contraband or evidence of criminal activity."); see also *United States v. Edwards*, 632 F.3d 633, 645 (10th Cir. 2001) ("[The defendant] and the woman were not arrested in or near the vehicle and, although they were carrying what appeared to be contraband in the woman's camera

Case No. 1:20-cr-00552
GWIN, J.

### III. Conclusion

The Court **GRANTS** Defendant Reid's motion to suppress the evidence discovered in his vehicle because law enforcement had neither a warrant nor probable cause. The Court **DENIES as moot** Defendant Reid's motion to suppress the statements made while in custody because the Government does not intend to use them in presenting its case.

IT IS SO ORDERED.

Dated: November 30, 2020    *s/   James S. Gwin*
　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

bag, there was no testimony presented at the suppression hearing that would support a belief by the police that additional contraband or evidence could be found in the vehicle.").

- 5 -